Submitted on the record and brief filed on behalf of Oregon State Bar March 26, accused disbarred June 26, 1984

In Re Complaint as to the Conduct of

## EARL H. MICKELSEN,
*Accused.*

(OSB 81-81, 82-27; SC S30020)

683 P2d 87

Phil H. Ringle, Jr., Gladstone, filed the brief for the Oregon State Bar. With him on the brief was Ringle, Herndon & Beck, P.C., Gladstone.

No appearance by or for accused.

.

## PER CURIAM

In this disciplinary action the Oregon State Bar, in four separate causes of complaint, charges the accused with violations of the Code of Professional Responsibility and one violation of statute.[1]

In the first cause, the Bar charges that the accused failed and neglected to conclude the probate of an estate

---

[1] The statute and disciplinary rules are:

ORS 9.480(3) (now ORS 9.527(3):

"The Supreme Court may disbar, suspend or reprimand a member of the bar whenever, upon proper proceedings for that purpose, it appears to the court that: * * *

"(3) The member has wilfully disobeyed an order of a court requiring the member to do or forbear an act connected with the legal profession;".

DR 1-102(A)(4):

"(A) A lawyer shall not: * * *

   "(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation."

DR 1-102(A)(5):

"(A) A lawyer shall not: * * *

   "(5) Engage in any other conduct that is prejudicial to the administation of justice."

DR 6-101(A)(3):

"(A) A lawyer shall not: * * *

   "(3) Neglect a legal matter entrusted to him."

DR 7-101(A)(2):

"(A) lawyer shall not intentionally: * * *

   "(2) Fail to carry out a contract of employment entered into with a client for professional services * * *."

DR 9-102(B)(3):

"(B) A lawyer shall: * * *

   "(3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them."

DR 9-102(B)(4):

"(B) A lawyer shall: * * *

   "(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive."

despite repeated requests from the personal representative and the probate court. He is also charged with failing to turn over the probate files, property, and documents of the client upon termination and with failing to provide an accounting of estate property and funds. This conduct is alleged to violate DR 6-101(A)(3), DR 7-101(A)(2), DR 9-102(B)(3), and DR 9-102(B)(4).

The second cause charges the accused with failure to perfect a state court appeal, failure to notify the client that a motion to dismiss had been filed, and failure to respond to inquiries of the client and the client's subsequent attorney regarding the status of the appeal. The Bar alleges that this conduct violates DR 6-101(A)(3) and DR 7-101(A)(2).

The third cause involved the same client as in cause two and charges the accused with failing to advise the client of a summary judgment entered against the client in a United States District Court case. The client did not learn of the judgment until after the time to file an appeal had run. This conduct is alleged to violate DR 6-101(A)(3) and DR 7-101(A)(2).

The fourth cause charges the accused with disposing of certain assets in a circuit court case in violation of a restraining order. The Bar alleges that this conduct violates DR 1-102(A)(4), DR 1-102(A)(5), and ORS 9.480(3) (now ORS 9.527(3)).

The accused was personally served with a copy of the Bar's complaint and notice to answer. He filed an answer denying the third and fourth causes. He did not respond to the first and second causes.

The case was heard by a Trial Board on July 8, 1983. The accused had notice of the hearing but failed to appear either in person or by an attorney. The Trial Board found the accused guilty on all four counts and recommended permanent disbarment. The Disciplinary Review Board also recommended permanent disbarment.

We, too, find the accused guilty on all four causes of complaint and agree that he should be disbarred.

Accused disbarred. The Oregon State Bar is awarded its actual and necessary costs and disbursements.